IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY, | ) ) ) | No. CV-04-29-BLG-SRT |
| Plaintiff, | ) ) | |
| and | ) ) | |
| CONTINENTAL INSURANCE COMPANY, | ) ) | ORDER |
| Plaintiff Intervenor, | ) ) | |
| vs. | ) ) | |
| SOCO WEST, INC., BRILLIANT NATIONAL SERVICES, INC., STINNES CORPORATION, and BRENNTAG (HOLDING) N.V., | ) ) ) ) | |
| Defendants. | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendants' Motion to Certify questions of law to the Montana Supreme Court is DENIED.

The Defendants have requested the Court to certify two questions to the Montana Supreme Court, namely:

1. Do USF &G's and Continental's comprehensive liability insurance policies permit those insurers to allocate to their policyholder part of the sums that the policyholder becomes legally obligated to pay as damages because of property damage occurring during the insurers' policy periods?

      2.      Does the Montana Insurance Code, particularly M.C.A. § 33-15-315 and 33-16-107, require that USF&G's and Continental's polluter exclusion be applied in conformance with the explanatory memorandum they submitted to the Montana State Auditor in 1970 when seeking regulatory approval of that exclusion?

Although this certification motion is filed quite late in this litigation, the Court does not deem the filing to be untimely. Indeed, certification orders have issued even after a rehearing *en banc* by the Ninth Circuit. *See, e.g.*, *Lombardo v. Warner*, 391 F.3d 1008, 1010 (9th Cir. 2003) (en banc). However, the decision to certify a question to a state supreme court rests in the sound discretion of the district court. *Eckard Brandes, Inc. v. Riley*, 338 F.3d 1082, 1087 (9th Cir. 2004). The fact that the motion was made shortly before trial and that granting the motion would require staying this litigation for several years is an important consideration in determining whether the Court's discretion should be exercised.

"The task of a federal court in a diversity action is to approximate state law as closely as possible in order to make sure that the vindication of the state right is without discrimination because of the federal forum." *Gee v. Tenneco, Inc.*, 615 F.2d 857, 861 (9th Cir. 1980). In doing so, federal courts are bound by the pronouncements of the state's highest court on applicable state law. *Davis v. Metro Prods, Inc.*, 885 F.2d 515, 524 (9th Cir. 1989). "Where the state's highest court has not decided an issue, the task of the federal courts is to predict how the state high court would resolve it." *Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1482 (9th Cir. 1986), modified at 810 F.2d 1517 (9th Cir. 1987). In assessing how a state's highest court would resolve a state law question--absent controlling state authority--federal courts look to existing state law without predicting potential changes in that law. *Moore v. R.G. Indus., Inc.*, 789 F.2d 1326, 1327 (9th Cir. 1986).

There are many circumstances in which certification to a state supreme court is appropriate and, unlike the reaction of some state supreme courts, the Montana Supreme Court has been generous in accepting certification from the District of Montana and the Ninth Circuit Court of Appeals.  However, the federal courts within the Ninth Circuit have been very mindful of the large appellate workload of state supreme courts and have therefore been very careful in exercising their discretion to certify questions of law.

In Montana, certification is governed by Pursuant to Rule 44(c) of the Montana Rules of Appellate Procedure, which allows certification "if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling appellate decision, constitutional provision, or statute of this State."  In addition, the Montana Supreme Court has also insisted that the factual predicate for the question be precisely defined.  The Court has, in fact, dismissed a request for certification after granting it when it determined that critical factual issues were unresolved.   As the Montana Supreme Court stated in *Brady v. PPL Mont., LLC*, 77 P.3d 523, 524 (Mont. 1993):

> We have determined that we improvidently accepted the certified question. Simply put, we do not have sufficient facts before us upon which we can render a precedential opinion on the substantial and significant constitutional questions posed. To issue such an opinion would require, in essence, that we interpret these constitutional issues in a vacuum. We are unwilling to do so.

Thus, the Montana Supreme Court dismissed the appeal, noting:

> This is an unfortunate result for all involved. The parties, amici curiae and this Court have spent considerable time on this matter in this Court and, inevitably, the case pending in the United States District Court has been substantially delayed. Unfortunately, it simply is not possible for this Court to know in advance whether the facts presented in a certification order ultimately will be sufficient for this Court to properly decide the question(s) presented.

*Id.*

In the present case, there is no assurance that the questions proposed by the Defendants will, in fact, be determinative of an issue in this case.  Indeed, it not clear that the issues will be reached in this case at all.  Further, at this point, the parties dispute many of the critical facts that would be necessary for certification, including the existence and content of the insurance policies.  Under these circumstances, and with recognition of the delay that would occur if the Court granted certification, the Court declines to exercise its discretion to certify these issues to the Montana Supreme Court.

DATED this 2nd day of February, 2006.

/s/ Sidney R. Thomas  
Sidney R. Thomas, United States Circuit Judge,  
Sitting by Designation