

DEFENDANTS' 3/23/06 MOTION IN LIMINE # 3
**ATTACHMENT E**

10/21

# Expert's Rebuttal Report

*United States Fidelity and Guaranty Company
and Continental Insurance Company*

v.

*Soco West, Inc., Brilliant National Services, Inc. (f/k/a Brenntag, Inc.),
Stinnes Corporation, and Brenntag Holdings, N.V.*

United States District Court
District of Montana
Billings Division
Cause Number CV-04-29-BLG-RFC

October 21, 2005

*Prepared For*

United States Fidelity and Guaranty Company

*Prepared by:*

Peter Alvey, P.E.
Principal Engineer
ROUX ASSOCIATES, INC.
2000 Spring Road, Suite 110
Oak Brook, IL 60523

_____
Peter D. Alvey, P.E.
Principal Engineer

ROUX

## TABLE OF CONTENTS

1.0 INTRODUCTION ...................................................................................................1
2.0 OPINIONS ........................................................................................................3

*Introduction*

## 1.0 INTRODUCTION

I have reviewed the Expert Report of Dr. Robert Harris, dated September 6, 2005; prepared on behalf of Soco West, Inc. (Soco West), regarding the Soco West (formerly Dyce Chemical, Inc) site in Billings, Montana (Dyce Chemical Facility or Site) and its immediate environs and respectfully disagree with those opinions to the extent that they are inconsistent with the opinions presented in my Expert Report dated September 6, 2005. With respect to such inconsistencies, I intend to offer my opinions in rebuttal, and to continue to offer my opinions on behalf of United States Fidelity and Guaranty Company (USF&G) in this matter. Nothing in the Expert Report of Dr. Robert Harris has caused me to alter the opinions presented in my earlier Expert Report.

The Rebuttal Opinions reached in this report are based on the following:

- A review of Harris' Expert Report;

- A review of the Expert Report of Mr. Robert Morrison, dated September 6, 2005;[1]

- My Expert Report, dated September 6, 2005, and the materials referenced therein;

- Deposition transcripts of Jeffrey Simko and Clarence Johnson and other documents produced subsequent to the issuance of my September 6, 2005 Report, including a September 6, 2005 letter from Soco West's counsel to the United States Environmental Protection Agency (USEPA) supplementing prior 104e responses;

- My visit to the Soco West site in Billings on September 22, 2005; and,

- My professional experience, education and training in engineering and the remediation of contaminated sites.

I reserve the right to revise, amend or supplement my opinions should new information, data, maps, documents, photographs or other materials become available, or if technical issues arise during the course of this litigation.

---

[1] Morrison is an expert for Plaintiff-Intervenor Continental Insurance Company. I fully concur with the opinions presented in Morrison's report.

**ROUX ASSOCIATES, INC.**            1                         SWR1384011.101 R

*Introduction*

My professional profile, list of publications, history of expert billing rate and list of documents reviewed were provided with my Expert Report and are herby included in this report by reference. Please refer to my previous report for general information regarding the Site.

*Opinions*

## 2.0 OPINIONS

Based on the review of Harris' Expert Report, dated September 6, 2005, I expect to provide the following Rebuttal Opinions along with expert testimony in support. The principal bases for these opinions are specifically highlighted below.

**Rebuttal Opinion 1.**

> The data collected at the Soco West site by USEPA and Montana Department of Environmental Quality (MDEQ) shows that there is significant contamination at areas other than the Northwest Corner Area of the Site. I disagree with Dr. Harris' contention that "nearly all of the contamination of concern" is located in the Northwest Corner area of the Site. Further, even if the "alleged spill" actually occurred, I disagree with his contention that the spilled material would have naturally flowed to the Northwest Corner Area of the Site.

**Bases for Opinion 1.**

- USEPA has identified four separate areas with high levels of chlorinated solvents in the soils: the Northwest Corner Area, the Main Tank Farm Area, the Acid Tank Farm Area and a smaller area immediately east of the Northwest Corner Area. Of these four, all but the last have levels of contamination in the soil which are indicative of being DNAPL contaminated areas.

- Results from investigations of soil and groundwater are consistent with frequent releases of relatively small quantities of chlorinated solvents in chemical storage and handling areas. The groundwater data reviewed indicates the presence of little or no DNAPL in the groundwater within the operational area of the Dyce Chemical Facility. DNAPL was not reported to have been encountered at any groundwater sampling locations. The concentrations of perchlorethylene (PCE) and other chlorinated solvent compounds dissolved in the groundwater at the Site are generally lower than those that would be indicative of the presence of DNAPL.

- There is evidence of relatively small releases (i.e. less than 5 gallons) that may have occurred at the Site as a result of normal operations. There are no reports, however, of major releases (i.e. five gallons or more) of PCE or any other chlorinated hydrocarbon compounds which would contribute to the presence of DNAPL at the Site.

*Opinions*

- Using the data collected at the Site by USEPA and MDEQ, I estimated the mass of PCE in the soils. Based on my estimation, the Northwest Corner Area of the Site does not contain "nearly all of the contamination of concern" at the Site.

- Using the selected remedy set forth by USEPA in the August 24, 2005 Record of Decision (ROD) for the Site, I estimated the portion of the total costs projected to be incurred at the Site that are related to the Northwest Corner Area of the Site. Based on this analysis, the Northwest Corner Area of the Site does not contain "nearly all of the contamination of concern" at the Site.

- PCE/TCE (trichloroethylene) contamination has been detected in at least 100 separate samples collected at the Dyce Chemical Facility. As derived from data through the USEPA and MDEQ investigations at the Site, there is widespread PCE/TCE contamination at the Site. These findings are inconsistent with the contention that the Northwest Corner Area of the Site contains "nearly all of the contamination of concern" at the Site.

- In its initial 104e responses to USEPA, Soco West stated that between approximately 1972 – 1989, any large quantity of spilled product (e.g. like the alleged spill) would have drained into the tank farm cement containment area or the former catch pond. The slope of this area is such that drainage goes into these containment areas.

**Rebuttal Opinion 2.**

There is no direct evidence that the alleged spill actually occurred. Further there is a lack of data to support the concept of surficial transport of contaminants of concern from the area of the alleged spill to the Northwest Corner Area of the Site. There is testimony, however, regarding other mechanisms for contamination of the Northwest Corner Area, including discharge of liquid from the "catch pond" to the Northwest Corner Area of the Site.

**Bases for Opinion 2.**

- In its initial responses to USEPA requests for information, Soco West stated under oath that it was not aware, and had no records, of any major releases of PCE/TCE at the Site, (although in a subsequent unsworn letter dated, September 6, 2005, Soco West's attorney purported to summarize certain deposition testimony regarding an alleged "perc" inventory shortage and an alleged spill of an unidentified substance).

*Opinions*

- Current and/or former employees (hereinafter, employees) testified to having seen PCE/TCE residuals in returned drums being emptied onto the ground along the railroad tracks near the old "catch pond."

- Soco West interviewed employees to determine whether they had recollection of past discharges, and in particular of PCE or TCE. None of the individuals interviewed had any knowledge of any reportable quantity spill or release of PCE or TCE to the environment. In addition, a significant environmental investigation was conducted in 1989, in conjunction with the sale of Dyce Chemical. That investigation revealed no evidence of the "alleged spill" or release of any reportable quantity of PCE or TCE. Finally, no witness has testified in this case to knowledge of any reportable quantity spill or release of PCE or TCE.

- In its 104e responses to USEPA, Soco West stated that between approximately 1972 – 1989, any large quantity of spilled product (e.g. like the alleged spill) would have drained into the tank farm cement containment area or the former catch pond and not to the Northwest Corner Area of the Site. The slope of this area is such that drainage goes into these containment areas.

- There is evidence that liquid in the catch pond was occasionally pumped or otherwise intentionally discharged into the pasture in the vicinity of the Northwest Corner Area.

- Samples collected from the drainage areas, which would have been the alleged conduit of material from the location of the alleged spill to the Northwest Corner Area of the Site, according to Dr. Harris, do not show high levels of PCE.

**Rebuttal Opinion 3.**

There is nothing about the contamination and/or the data collected at the Soco West site by USEPA and MDEQ that supports Dr. Harris' contention that the contamination at the Site is a result of an incident which occurred in the 1970's.

**Bases for Opinion 3.**

- Insufficient data exists to accurately date the release of chlorinated solvents at the Site. Adequate historical data regarding the nature and source of the original release to the environment does not exist; nor does adequate historical information related to the migration of the contamination over time.

- Results of a groundwater model conducted by USEPA indicate that the plume of contamination at the Site originated from a release that occurred a minimum of 10 to 15 years earlier. This would indicate that a release occurred no later than the period from 1984 to 1989.

*Opinions*

- Soil and groundwater testing conducted in 1989 and earlier did not identify any chlorinated solvents in the soil or groundwater samples collected (several of which were apparently taken from the area of the Site currently identified by USEPA as being contaminated).

ROUX ASSOCIATES, INC.　　　　　6　　　　　SNR136401L101.R

# F

Robert C. Johnson
John I. Grossbart
M. Keith Moskowitz
Mary B. Anderson
Sonnenschein Nath & Rosenthal LLP
8000 Sears Tower
233 South Wacker Drive
Chicago, IL 60606
Ph: (312) 876-8000

Marshal L. Mickelson
Corette Pohlman & Kebe
129 West Park Street
P.O. Box 509
Butte, MT 59703
Ph: (406) 782-5800

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | | |
|---|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY, | ) ) ) | Cause No. CV-04-29-BLG-RFC |
| Plaintiff, | ) ) ) | |
| and | ) ) ) ) ) ) ) ) | **PLAINTIFF UNITED STATES FIDELITY AND GUARANTY COMPANY'S SUPPLEMENT TO RULE 26 REPORTS OF PETER D. ALVEY** |
| CONTINENTAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff-Intervenor, | ) ) ) | |
| vs. | ) ) | |
| SOCO WEST, INC., BRILLIANT NATIONAL SERVICES, INC. (f/k/a BRENNTAG, INC.), STINNES CORPORATION, and BRENNTAG (HOLDING) N.V., | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

LINDQUIST & VENNUM
JAN 0 9 2006

DEFENDANTS' 3/23/06 MOTION IN LIMINE # 3
**ATTACHMENT F**

Plaintiff United States Fidelity and Guaranty Company ("USF&G") hereby submits, in conformity with Rule 26(e)(1), the supplemental expert report of Peter D. Alvey, attached hereto.

Dated: January 3rd, 2006

SONNENSCHEIN NATH &
ROSENTHAL LLP

By: _____

Robert C. Johnson
John I. Grossbart
M. Keith Moskowitz
Mary B. Anderson
8000 Sears Tower
Chicago, IL 60606
Ph: (312) 876-8220

Marshal L. Mickelson
CORETTE POHLMAN & KEBE
129 West Park Street
P.O. Box 509
Butte, MT 59703
Ph: (406) 782-5800

Attorneys for Plaintiff
UNITED STATES FIDELITY AND
GUARANTY COMPANY

Supplemental Expert Report

*United States Fidelity and Guaranty Company*
*And Continental Insurance Company*
*v.*

*Soco West, Inc., Brilliant National Services, Inc. (f/k/a Brenntag, Inc.), Stinnes Corporation, and Brenntag Holding, N.V.*

United States District Court
District of Montana
Billings Division
Cause Number CV-04-29-BLG-RFC

January 03, 2006

*Prepared For*

United States Fidelity and Guaranty Company

Prepared by:

Peter Alvey, P.E.
Principal Engineer
ROUX ASSOCIATES, INC.
2000 Spring Road, Suite 110
Oak Brook, IL 60523

Peter D. Alvey, P.E.
Principal Engineer

- 3 -

I hereby supplement the expert reports that I submitted on September 6, 2005 and October 21, 2005 by adopting in full the opinions (and bases therefore) set forth in the expert reports of Robert D. Morrison that were submitted on September 6, 2005 and October 21, 2005.

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of January, 2006, a copy of the foregoing was served by United States First Class Mail upon the following counsel of record:

*Counsel for Defendants*
**SOCO WEST, INC., BRILLIANT NATIONAL SERVICES, INC., STINNES CORPORATION, and BRENNTAG HOLDING N.V.**

L.B. Cozzens, Esq.
Cozzens, Warren, & Harris P.L.L.P.
550 North 31st Street, Suite 250
Billings, MT 59101

Thomas C. Mielenhausen, Esq.
Paul A. Banker, Esq.
Christopher Yetka, Esq.
Christopher Lynch, Esq.
Lindquist & Vennum, P.L.L.P.
80 South Eighth Street
4200 IDS Center
Minneapolis, MN 55402

*Counsel for Plaintiff Intervenor*
**CONTINENTAL INSURANCE COMPANY**

Brian W. Walsh, Esq.
Monica M. Slakey, Esq.
Cortner McNaboe Colliau & Elenius
Foundry Square II
405 Howard Street, Suite 600
San Francisco, CA 94105

Maxon R. Davis, Esq.
Dennis J. Tighe, Esq.
Davis, Hatley, Haffeman & Tighe, PC
Milwaukee Station
100 River Drive North, 3rd Floor
Great Falls, MT 59405

MARY B. ANDERSON