UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
BILLINGS DIVISION

| | | |
|---|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY, | ) ) | |
| Plaintiff, | ) ) | CV-04-29-BLG-RFC |
| v. | ) ) ) | CV-08-29-BLG-RFC |
| CONTINENTAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff-Intervenor, | ) ) | ORDER DENYING CONTINENTAL'S MOTION |
| SOCO WEST, INC., | ) | FOR RECONSIDERATION |
| Defendant. | ) | |

Pending before the Court is Continental's Motion for Reconsideration (*Doc. 568*), through which it asks the Court to revisit its decision (*Doc. 538*) that Continental had a duty to defend Soco West against environmental tort claims asserted in the *Burbank* case. In opposing Soco West's motion (*Doc. 454*), Continental argued it had no duty to defend because it had exhausted the "per occurrence" policy limits of its primary policies with its contribution to the settlement of the *Weiss* case. In granting Soco West the declaratory relief it sought, the Court adopted an argument offered by Soco West in its reply brief–that the

1

umbrella policies issued by Continental concurrently with the primary policies imposed a duty to defend once the primary policy limits were exhausted.  Since the Court adopted an argument offered in a reply brief that Continental had no opportunity to counter, Continental was allowed to move for reconsideration.  *Doc. 564.*

Resolution of this motion requires the interpretation of the "Umbrella Liability Policy" Continental issued to Soco West from 1982-85.  In interpreting an insurance contract, Montana courts must examine the contract as a whole, giving no deference to a specific clause.  *Modroo v. Nationwide Mut. Ins. Co.,* 191 P.3d 389, 395 (Mont. 2008).  Moreover, words in the insurance contract are accorded their usual meaning and are construed with common sense.  *Id.*

Continental focuses on a particular language within the umbrella policy, but a review of the entire policy reveals the Court was correct the first time.  Although the "Defense, Settlement, Supplementary Payments" section may not require Continental to defend *Burbank* once the primary policy limits were exhausted, two separate provisions in the "Conditions" section of the umbrella policy make clear that it imposes a duty to defend once the underlying primary policies are exhausted.

First, Condition No. 3, entitled "Limits of Liability" provides "[w]here the aggregate limits of liability under said underlying policies of insurances are ...

2

exhausted by reason of losses paid thereunder, this policy shall ... *continue as underlying insurance*." *Doc. 204-2,* CNICO000011 (emphasis added). Second, under Condition No. 5, entitled "Underlying Insurance," Continental's umbrella policy "[i]f underlying insurance is exhausted by any accident or occurrence, the company shall be obligated to assume charge of the settlement or defense of any claim or proceeding against the insured resulting from the same accident or occurrence ..." *Doc. 204-2,* CNICO000012. Despite Continental's creative arguments to the contrary, the common sense meaning of these clauses is clear.

*American Special Risk Insurance Co. v. A-Best Products, Inc.,* relied on by Continental, confirms that there is no inconsistency between the "Defense, Settlement, Supplementary Payments," which afford Continental the opportunity, but not the duty, to defend where there is underlying insurance, and Conditions Nos. 5 and 8, which impose a duty to defend where the underlying insurance is exhausted, 975 F.Supp. 1019 (N.D.Ohio 1997). Specifically, the court explained that "umbrella policies" are designed to fill both vertical and horizontal gaps in coverage; the vertical coverage provides additional coverage above the limits of the primary coverage and the horizontal coverage provides primary coverage for losses outside the scope of the primary coverage. 975 F.Supp. at 1022. Similar to the umbrella policy at issue in *American Special Risk Insurance*, Continental's umbrella

3

policy "uses distinctly different terms and phrases to address different aspects of its coverage."  975 F.Supp. at 1025.

Accordingly, **IT IS HEREBY ORDERED** that Continental's Motion for Reconsideration (*Doc. 568*) is **DENIED**.  Soco West's Motion for Oral Argument (*Doc. 597*) is **MOOT**.

Dated this 10th day of September 2010.

                                             */s Richard F. Cebull*
                                             Richard F. Cebull
                                             United States District Judge