UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
BILLINGS DIVISION

| | | |
|---|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY, | ) ) | |
| Plaintiff, | ) ) | CV-04-29-BLG-RFC |
| v. | ) ) ) | CV-08-29-BLG-RFC |
| CONTINENTAL INSURANCE COMPANY, | ) ) | |
| Plaintiff-Intervenor, | ) ) | ORDER GRANTING IN PART THE INSURERS'S MOTIONS |
| SOCO WEST, INC., | ) ) | FOR SUMMARY JUDGMENT ON SOCO'S COUNTERCLAIMS |
| Defendant. | ) | |

## I.   INTRODUCTION

Presently before the Court are motions for partial summary judgment filed by the Insurers, seeking judgment as a matter of law on Soco West's counterclaims, its claim for punitive damages, and its claim that it is entitled to attorney fees and expenses incurred in this consolidated coverage action. As the facts relevant to this motion are known to the parties and recited in numerous prior orders of this Court, they will be repeated here only as necessary. For the following reasons, the Court concludes the Insurers motions must be granted as to the UTPA claims, the common law bad faith claims, and the claim for punitive damages, but that the Court will wait

1

for the jury verdict on the breach of contract claim before considering whether Soco West should be awarded attorney fees under *Mountain West Farm Bureau Mut. Ins. Co. v. Brewer*, 69 P.3d 652 (Mont. 2003).

## II. ANALYSIS

### A. SUMMARY JUDGMENT STANDARD

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2).

### B. SOCO WEST CANNOT MAINTAIN COMMON LAW BAD FAITH CLAIMS OR UTPA CLAIMS BECAUSE ITS ONLY DAMAGES ARE ATTORNEY FEES AND ATTORNEY FEES ARE NOT COMPENSATORY DAMAGES UNDER MONTANA LAW.

While they lodge other arguments against Soco West's common law and statutory bad faith counterclaims, the Insurers best argument is that since Soco West has conceded that the only bad faith damages they seek are attorney fees, *Ex. A to Dec. Of Steven Crane, Doc. 702-2,* these claims must be dismissed because Montana law precludes attorney fees as damages in bad faith actions.

The Montana Supreme Court has expressly held that attorneys fees are not properly awarded as damages in *third-party* common law bad faith actions,

2

*Jacobsen v. Allstate Ins. Co.,* 215 P.3d 649, 656 (Mont. 2009), and *third-party* UTPA actions, *Sampson v. National Farmers Union Property and Cas. Co.,* 144 P.3d 797 (Mont. 2006), but there has been no explicit holding with respect to *first-party* actions such as this.  Although a legal treatise on bad faith actions states that Montana law follows the traditional rule and denies the successful bad faith plaintiff his attorney fees, Stephen S. Ashley, *Bad Faith Actions Liability & Damages,* § 8.11, (Updated Sept. 2010) *citing Jacobsen, supra*, *Sampson, supra, Tynes v. Bankers Life Co.*, 730 P.2d 1115 (1986), and *Bostwick v. Foremost Ins. Co.*, 539 F. Supp. 517, 520 (D. Mont. 1982), this is hardly authoritative.  In any event, a review of Montana cases convinces this Court that the Montana Supreme Court would adhere to the American Rule and preclude award attorney fees as damages in first-party bad faith actions.

*Bostwick* is a pre-UTPA action involving plaintiffs who sued their mobile home insurer after it refused coverage for an accident.  Plaintiffs alleged two breach of contract claims for breach of the duties to defend and indemnify, as well as two common law bad faith claims related to those duties.  In addition to compensatory and punitive damages, the Bostwicks also sought to recover the attorney fees expended in the breach of contract and bad faith action.  539 F. Supp. at 518.  In granting the Insurer's motion to strike the claim for attorney fees, the court cited the

"American Rule," which holds that a party prevailing in a lawsuit is not entitled to its attorney's fees absent a specific contractual or statutory provision, and noted that the Bostwicks had not pleaded any contractual or statutory provision that would allow the recovery of attorney fees for the breach of contract/bad faith action. *Bostwick,* 539 F.Supp. at 520. The Bostwicks, however, were not precluded from seeking, as compensatory damages, the attorneys fees they expended in defending the underlying personal injury lawsuit. *Bostwick,* 539 F.Supp. at 520, n.5.

In *Morris v. Nationwide Mut. Ins. Co.,* the district court awarded attorney fees incurred in an underlying action to a plaintiff who was successful in a third-party insurance bad faith action brought pursuant to Montana's Unfair Claim Settlement Act. 722 P.2d 628 (Mont. 1986). Although the plaintiff appealed the district court's use of the contingent fee agreement to determine the amount of attorneys fees, the insurer did not object to the award of attorney fees as compensatory damages either at the trial court or on appeal. The Montana Supreme Court therefore did not address the propriety of awarding, in a bad faith action, attorney fees incurred in an underlying lawsuit. Further, since the plaintiff had not asked for such attorney fees, the Court did not consider whether the successful bad faith claimant should be awarded attorney fees incurred in prosecuting the bad faith claim. *Morris,* 722 at 632.

In *Tynes v. Bankers Life Co.*, also filed before the 1987 enactment of the UTPA, plaintiffs sued their health insurer for breach of contract, breach of the implied covenant of good faith and fair dealing, and tortious violation of the Montana Insurance Code. 730 P.2d 1115, 1119 (Mont. 1986). After the jury awarded breach of contract damages, general tort damages, and punitive damages, the district court awarded the plaintiffs attorney fees and costs. *Id.* Although it was not labeled as such, the district court had apparently applied the "insurance exception" to the American Rule, providing that when an insurer forces the insured to retain an attorney to obtain the benefits due under a policy, the insurer is liable in tort for that expense. *Tynes,* 730 P.2d at 1127, *citing Brandt v. Superior Court,* 693 P.2d 796, 798 (Cal. 1985). On appeal, the Montana Supreme Court reversed the award of attorney fees, holding, without analysis, that the insurance exception had not and would not be adopted. *Id.* The award of costs, however, was appropriate since such an award was provided for by statute. *Id.*

*Sampson v. National Farmers Union Property and Cas. Co.* involved auto accident plaintiffs who brought a UTPA action against the tortfeasor's insurer, alleging it refused to settle their claim in good faith. 144 P.3d 797, 798 (Mont. 2006). As damages, the plaintiffs sought the attorney fees they incurred in settling the underlying personal injury claims. The district court granted summary judgment

5

for the insurer, citing the American Rule and holding that attorney fees are not recoverable damages under the UTPA. *Sampson*, 144 P.3d at 799.

On appeal, the plaintiffs recognized the American Rule, but argued the UTPA was a statute authorizing the award of attorney fees. Specifically, plaintiffs argued the UTPA granted them a cause of action against the insurer for "actual damages caused by the insurer's violation" and authorized courts to "award such damages as were proximately caused by the violation." *Sampson*, 144 P.3d at 799. The insurer argued that since the UTPA did not specifically mention attorneys fees, the court should not add something to the statute that the Legislature did not. *Sampson*, 144 P.3d at 800.

The Montana Supreme Court first noted that since plaintiffs had not argued it, neither the insurance exception nor any other exception to the American Rule was at issue. Rather, in arguing that attorney fees should be considered damages in a bad faith action, plaintiffs relied on the pre-UTPA cases *Morris* and *Tynes*. The Court distinguished *Morris* on the grounds that it did not address whether the plaintiff was properly awarded attorney fees since the insurer had not objected to such an award. *Sampson,* 144 P.3d at 800-01. *Tynes* was inapplicable not only because it had been effectively overruled by *Mountain West Farm Bureau Mut. Ins. Co. v. Brewer*, 69 P.3d 652, 660 (Mont. 2003) (insured can recover attorney fees under the insurance

6

exception when the insurer forces insured to sue to obtain full benefits of their insurance contract), but because it, like *Morris,* was decided prior to the UTPA. *Sampson,* 144 P.3d at 801.

In concluding that it would not construe the UTPA to provide for the recovery of attorney fees, the Court noted that the UTPA was enacted just after *Tynes* was decided and since the Legislature is presumed to be aware of how previous laws have been construed by the Court, if the Legislature had believed *Morris* and *Tynes* were incorrectly decided, it would have expressly provided for the recovery of attorney fees as an element of UTPA damages, as the Legislature had done for other causes of action. *Sampson,* 144 P.3d at 801.

Finally, in *Jacobsen,* the plaintiff was injured in an auto accident caused by Allstate's insured. Although Allstate eventually settled the claim, Jacobsen brought suit, alleging third-party UTPA and common law bad faith claims. Just before trial, the Montana Supreme Court issued *Sampson,* holding that attorney fees were not recoverable as compensatory damages under the UTPA. Allstate relied on *Sampson* in moving the district court to reconsider its prior decision that Jacobsen could claim attorney fees as compensatory damages. The district court denied the motion, concluding that while *Sampson* precluded the recovery of attorney fees under the UTPA, Jacobsen could still recover attorney fees under the equitable exception or

the insurance exception to the American rule. *Jacobsen,* 215 P.3d at 654, 655. The jury found Allstate liable under the UTPA and for common law bad faith, and awarded, as compensatory damages, the attorney's fees and costs Jacobsen incurred in settling the underlying claim. *Id.*

The Montana Supreme Court stated the relevant issue on appeal as, "[i]n the context of a common law bad faith claim against an insurer, are a third-party plaintiff's attorney fees and costs incurred in settling the underlying claim recoverable as an element of damages?" *Jacobsen,* 215 P.3d at 655. Since Jacobsen conceded that after *Sampson* he could only be awarded fees pursuant to an exception to the American Rule, the Court premised its analysis on the following statement: "fees are not a recoverable element of damages in a claim for insurance bad faith, whether brought under the UTPA or the common law, absent an exception to the American Rule." *Id.*

Jacobsen contended that the insurance and equitable exceptions applied where the party seeking attorney fees could not be made whole without such an award. The equitable exception was not applicable, however, because Jacobsen filed the lawsuit, even if Allstate's bad faith prompted the suit. *Jacobsen,* 215 P.3d at 656.

In considering the insurance exception, the Court reiterated that it applies "where an insurer breaches its duty to defend or indemnify the insured party, forcing the insured 'to assume the burden of legal action to obtain the full benefit of the insurance contract....'" *Id. citing Brewer,* 69 P.3d at 660. Since the insurance exception is rooted in the enhanced fiduciary relationship resulting from the contractual relationship between insurer and insured, the Court had refused to apply it to third-party claims in fear of undermining the American Rule. *Id., citing Brewer,* at 69 P.3d at 661.

In response to Jacobsen's argument that *Brewer* was limited to contract theory and did not preclude attorney fees to a third-party who proves tortious conduct by an insurer, the Court noted that *Brewer's* refusal to apply the insurance exception to a third-party claimant was based on the lack of fiduciary duty from an insured to the third-party claimant, which was also the case in *Jacobsen. Id.* In sum, because the existence of a fiduciary duty is the rationale behind the insurance exception, it could not apply in a third-party context where there is no fiduciary duty. *Id.* Although the Court was free to modify the American Rule and its exceptions in the absence of legislative preemption, since the legislature had declined to award attorney fees as damages for UTPA claims, the Court declined to allow such damages to a third-party claimant under the common law because it did

not feel Jacobsen's arguments were sufficiently compelling to create a new exception to the American Rule. *Jacobsen,* 215 P.3d at 656-57. Finally, there being no statutory authority for such an award, Jacobsen was not entitled to the costs incurred by his attorneys in settling his claim. *Jacobsen,* 215 P.3d at 657.

Soco West attempts to distinguish *Sampson,* arguing it is limited to third-party claims, but this Court reads no such limitation in *Sampson*. The *Sampson* Court phrased the issue as "whether attorney's fees are recoverable as damages under" the UTPA and expressly held that the "Legislature did not construct the UTPA to provide for the recover of attorney fees and therefore we cannot construe it to do so." *Sampson*, 144 P.3d at 799, 801. In so holding, the Court noted that had the Legislature believed *Tynes*–a first-party bad faith case reversing the award of attorney fees–was wrongly decided, it could have specified that attorney fees are an element of damages under the UTPA. *Sampson*, 144 P.3d at 801.

Soco West does not argue that *Jacobsen* is distinguishable, but the Court sees no reason why it would not apply to first-party claims. As the foregoing cases demonstrate, the Montana Supreme Court has consistently refused to consider attorney fees as damages in deference to the longstanding American Rule. Further, if Montana law holds that attorney fees are not recoverable damages for a third-party common law bad faith plaintiff, who is also precluded from recovering

10

attorney fees under the insurance exception, Montana law is unlikely to hold attorney fees are recoverable damages for a first-party common law bad faith plaintiff, to whom the insurance exception is available.

There being no recoverable damages, the Insurers are entitled to judgment as a matter of law in their favor on Soco West's UTPA and common law bad faith claims.  Further, since the only remaining counterclaim appears to be the breach of contract claim, for which punitive damages are unavailable, Mont. Code. Ann. § 27-1-220(2)(a)(ii), the Insurers are also entitled to judgment as a matter of law on Soco West's claim for punitive damages.

### C. THE COURT WILL DECIDE WHETHER SOCO WEST IS ENTITLED TO ATTORNEY FEES UNDER *BREWER* AFTER THE BREACH OF CONTRACT CLAIM IS DECIDED

As noted, "an insured is entitled to recover attorney fees, pursuant to the insurance exception to the American Rule, when the insurer forces the insured to assume the burden of legal action to obtain the full benefit of the insurance contract."  *Mountain West Farm Bureau Mut. Ins. Co. v. Brewer*, 69 P.3d 652, 660 (Mont. 2003).  Alternatively stated, the insurance exception applies "where an insurer breaches the duty to defend or indemnify the insured party, forcing the insured 'to assume the burden of legal action to obtain the full benefit of the insurance contract.'" *Jacobsen,* 215 P.3d at 656, *quoting Brewer*, 69 P.3d 652 at

11

660. Since it has been decided that the Insurers owe no duty to indemnify, the issue is whether Soco West was required to litigate in order to receive a defense to the underlying lawsuits and governmental actions.

The Insurers argue that Soco West was not forced into litigation to receive a defense because they agreed amongst themselves to pay 100% of Soco's reasonable defense costs and have paid millions of dollars in defense costs.  The facts relevant to this issue are undisputed.  Soco West notified USF&G and Continental of the *Weiss* lawsuit and the EPA/MDEQ claims in the summer and fall of 2000.  On December 1, 2000 USF&G agreed to provide a defense, subject to a complete reservation of rights, including a right to seek recoupment of defense costs if it was later determined they were not owed.  It took Continental until February of 2002, but it too agreed to defend Soco West, subject to a reservation of rights.  Soco West notified the Insurers of the *Burbank* action in February of 2005 and USF&G agreed to defend Soco West, again under a full reservation of rights, in April of 2005.  Continental agreed to the *Burbank* defense in October of 2005.  The Insurers subsequently entered into an agreement whereby USF&G would pay 75% of Soco West's defense costs and Continental would pay the remaining 25%.  Since that time, while some invoices have been disputed, the Insurers have paid millions of

12

dollars in Soco West's defense costs.[1]

Soco West argues they are entitled to attorney fees incurred in this consolidated declaratory judgment action because the Insurers reserved their rights to recoupment and required them to defend this suit.  But the Insurers were in full compliance with Montana law by agreeing to defend under a reservation of rights until their obligations could be adjudicated through these declaratory judgment actions.  *See Travelers Cas. And Surety Co. v. Ribi Immunochem Research, Inc.,* 108 P.3d 469, 479-80 (Mont. 2005).  This is especially true considering that there was no direct evidence of a sudden and accidental spill that would allow Soco West to evade the pollution exclusion.

Soco West further argues they are entitled to attorney fees incurred in defending this lawsuit because, even though the Insurers agreed to cover 100% of the reasonable defense costs between them, they did not individually agree to pay all of the defense costs and some invoices have not been paid in full.  While Soco West makes a reasonable argument that Montana law imposes joint and several liability for defense costs amongst consecutive insurers once the duty to defend is triggered, there are no Montana cases awarding attorney fees to an insured whose insurers

---

[1]It also appears that USF&G has paid Soco indemnification costs in two confidential settlement agreements, even though it was later determined they had no duty to do so.

have agreed to pay all of the policyholder's defense costs and have in fact paid millions of dollars in defense costs. Moreover, the Insurers are not required to pay all of Soco West's attorney fees–only those that are reasonable. *Lindsay Drilling & Contracting v. U.S. Fidelity & Guar. Co.,* 676 P.2d 203, 206 (Mont. 1984).

While this Court will be hesitant to award attorney fees under the circumstances of this case, and will certainly not award all of the attorney fees Soco West incurred in this overly extended and complex lawsuit, the most prudent course is to wait for the Phase II jury to determine whether USF&G or Continental breached their duty to defend.

### III.   ORDER

For those reasons, **IT IS HEREBY ORDERED** that the Insurers' motions for partial summary judgment on Soco West's counterclaims (*Docs. 575 & 583*) are **GRANTED** as to the common law bad faith, UTPA, and punitive damages claims, but **DENIED** with respect for Soco West's *Brewer* claim for attorney fees.

Dated this 5th day of November 2010.

_/s/ Richard F. Cebull_____
Richard F. Cebull
United States District Judge